132 S.W.3d 499 (2004)
In the Interest of C.S., P.S., and A.S.
No. 01-02-00526-CV.
Court of Appeals of Texas, Houston (1st Dist.).
February 12, 2004.
*500 Channa E. Borman, College Station, for appellant.
Stephen C. Taylor, Humble, Bruce L. Erratt, Bryan, Joseph J. Skrivanek, III, Burleson County Attorney, Caldwell, for appellee.
Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

OPINION
EVELYN V. KEYES, Justice.
This is an appeal of the trial court's rendition of an order appointing C.S., P.S., and A.S.'s biological mother and the Texas Department of Protective and Regulatory Services joint managing conservators of the children. In four points of error, the mother contends that the trial court lacked jurisdiction to enter this order because (1) there was no formal motion in the record seeking an extension of time; (2) the court did not comply with its statutory duties to make further temporary orders; (3) the court did not comply with its statutory duty to set a final hearing on a date earlier than the dismissal date; and (4) the final order did not comply with the requirements of the Family Code. We dismiss for want of jurisdiction.

Factual & Procedural Background
After receiving, investigating, and validating a report of sexual abuse of P.S., the Department filed a suit affecting the parent-child relationship (SAPCR) on July 15, 1999, seeking temporary custody of all three children. That same day, the trial court appointed the Department as the children's temporary sole managing conservator and appointed the mother as temporary possessory conservator. The dismissal date for this SAPCR was set for July 17, 2000.
On May 3, 2000, the trial court entered an order retaining the case on its docket and extending the dismissal date to December 1, 2000. Eventually, the parties reached a settlement agreement, which the trial court approved.
On November 28, 2000three days before the extended dismissal datethe trial court memorialized the parties' agreement and entered a final order appointing the mother and the Department joint managing conservators of the children.
The mother continued to file motions to reconsider, petitions for writs of habeas corpus, and requests for jury trial. After the close of a jury trial in November 2001, the mother filed, for the first time, a notice of appeal. In her appeal, the mother contests on various grounds only the order entered on November 28, 2000.

Jurisdiction
The law in effect at the time provided, "For purposes of this section, a final order is an order that ... without terminating the parent-child relationship, appoints the Department as the managing conservator of the child." Act of May 28, 1997, 75th Leg., R.S., ch. 603 § 12, 1997 Tex. Gen. Laws 2119, 2123 (amended 2001) (current version at Tex. Fam.Code Ann. § 263.401(d)(3)). That is precisely what the final order here didit appointed the Department and the mother joint managing conservators without terminating the mother's parental rights. The Family Code permits any party to appeal a final order rendered under Title V, as was this order. Tex. Fam.Code Ann. § 109.002(b) (Vernon 2002). However, to timely appeal *501 this final order, the mother was required to adhere to the customary time limits for filing a notice of appeal in a civil case. Id. § 109.002(a).[1] In addition, the Family Code specifies that an appeal in which termination of the parent-child relationship is in issue shall be given precedence over other civil matters. Id.
The Rules of Appellate Procedure provide that, the notice of appeal must be filed within 30 days after the judgment or order is signed. Tex.R.App. P. 26.1(a). Here, the order was signed on November 28, 2000. The deadline for filing a notice of appeal was, therefore, December 28, 2000. The notice of appeal was not filed until November 2001. We hold this appeal was not timely perfected.
Accordingly, we dismiss this appeal for want of jurisdiction.
NOTES
[1] In 2001, the legislature added section 263.405, specifying that an appeal of a final order rendered under the subchapter applicable here is governed by the rules for accelerated appeals, and that a motion for new trial or reconsideration does not extend the deadline for filing a notice of appeal under Rule 26.1(b). Because this provision was enacted after the final order here was issued, however, we rely only on the general statute.