**In the Interest of J.C., P.C., and P.C., Children.**

**No. 06–04–00094–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Sept. 9, 2004.

Decided Sept. 21, 2004.

Wade A. Forsman, Sulphur Springs, for appellant.

Dustanna Hyde Rabe, Hopkins County Atty., Sulphur Springs, for appellee.

Ruth N. Lewman, Sulphur Springs, for ad litem.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

The Texas Department of Family and Protective Services sought to terminate the parental rights of Joey Crump, Sr., and Charlotte Crump with respect to the couple's three children, J.C., P.C., and P.C. After a three-day trial ending June 23, 2004, a jury found in favor of the Department and by its verdict terminated the couple's parental rights to each of the children. The trial court signed its final judgment July 9, 2004.

On July 12, 2004, Charlotte filed a motion for new trial. Joey filed a motion for new trial the following day. The trial court heard evidence and arguments on the motions August 16, 2004, after which it denied both motions. Joey and Charlotte filed a joint notice of appeal August 17, 2004.

Typically, a party must file its notice of appeal within thirty days from the date a trial court enters its judgment. TEX.R.APP. P. 26.1. If any party to the suit had timely filed a motion for new trial, then the notice

---

of appeal timely invokes the appellate court's jurisdiction if the notice is filed within ninety days from the date the trial court enters its judgment. TEX.R.APP. P. 26.1(a).

An accelerated appeal, however, follows a different timetable. In an accelerated appeal, a party must file its notice of appeal within twenty days from the date the trial court enters its judgment. TEX.R.APP. P. 26.1(b). And the rules allowing additional time (i.e., when a motion for new trial has been filed) do not apply if the appeal is accelerated. *Contrast* TEX.R.APP. P. 26.1(a) and TEX.R.APP. P. 26.1(b) (latter subsection does not provide that motion for new trial extends deadline for filing notice of appeal in accelerated cases).[1]

"The procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship is in issue." TEX. FAM.CODE ANN. § 109.002(a) (Vernon 2002). Joey's and Charlotte's appeals concern the jury's verdict terminating their parental rights to their three children. Applying the accelerated timetables to the case now before us, Joey's and Charlotte's notices of appeal were due to be filed with the trial court no later than July 29, 2004, that date being the twentieth day from the date the trial court signed its judgment. *See* TEX.R.APP. P. 26.1(b). The parties, however, waited until August 17 to file their joint notice of appeal. The notice therefore failed to timely invoke our jurisdiction. *See In re C.S.*, 132 S.W.3d 499, 500–01 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (notice of appeal not timely filed in case where court did not terminate parental rights but modified joint custody arrangement with De-

partment; appeal dismissed for want of jurisdiction).

Even if we had granted Joey and Charlotte a fifteen-day extension in which to file their notices of appeal, *see* TEX.R.APP. P. 26.3, both Joey and Charlotte would still have failed to timely invoke this Court's appellate jurisdiction by at least two days.

Accordingly, we dismiss this case for want of jurisdiction.

---

1. *Compare* TEX. FAM.CODE ANN. § 263.405(c) (Vernon 2002), expressly providing that a motion for new trial, filed in a case governed by that subchapter, does not extend the deadline for filing a notice of appeal under TEX.R.APP. P. 26.1(b).