In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00085-CV


______________________________






IN RE:


EXPUNCTION REQUEST BY JANET STYNES MOSLEY








 


On Appeal from the 71st Judicial District Court


 Harrison County, Texas


Trial Court No. 09-0661




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 The Texas Department of Public Safety, the sole appellant in this case, has filed a motion
seeking to dismiss its appeal. Pursuant to Tex. R. App. P. 42.1, the motion is granted.

 We dismiss the appeal.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 5, 2009 

Date Decided: November 6, 2009





substituted/sotseal3.gif" alt="sotseal3.gif" width="140" height="138" border="0">









In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00094-CV
______________________________


 
 
IN THE INTEREST OF
J.C., P.C., AND P.C.,
CHILDREN
 
 
 


                                              

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. CV35259


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          The Texas Department of Family and Protective Services sought to terminate the
parental rights of Joey Crump, Sr., and Charlotte Crump with respect to the couple's three
children, J.C., P.C., and P.C. After a three-day trial ending June 23, 2004, a jury found in
favor of the Department and by its verdict terminated the couple's parental rights to each
of the children. The trial court signed its final judgment July 9, 2004. 
          On July 12, 2004, Charlotte filed a motion for new trial. Joey filed a motion for new
trial the following day. The trial court heard evidence and arguments on the motions
August 16, 2004, after which it denied both motions. Joey and Charlotte filed a joint notice
of appeal August 17, 2004. 
          Typically, a party must file its notice of appeal within thirty days from the date a trial
court enters its judgment. Tex. R. App. P. 26.1. If any party to the suit had timely filed a
motion for new trial, then the notice of appeal timely invokes the appellate court's
jurisdiction if the notice is filed within ninety days from the date the trial court enters its
judgment. Tex. R. App. P. 26.1(a). 
          An accelerated appeal, however, follows a different timetable. In an accelerated
appeal, a party must file its notice of appeal within twenty days from the date the trial court
enters its judgment. Tex. R. App. P. 26.1(b). And the rules allowing additional time (i.e.,
when a motion for new trial has been filed) do not apply if the appeal is accelerated. 
Contrast Tex. R. App. P. 26.1(a) and Tex. R. App. P. 26.1(b) (latter subsection does not
provide that motion for new trial extends deadline for filing notice of appeal in accelerated
cases).


 
          "The procedures for an accelerated appeal under the Texas Rules of Appellate
Procedure apply to an appeal in which the termination of the parent-child relationship is in
issue." Tex. Fam. Code Ann. § 109.002(a) (Vernon 2002). Joey's and Charlotte's appeals
concern the jury's verdict terminating their parental rights to their three children. Applying
the accelerated timetables to the case now before us, Joey's and Charlotte's notices of
appeal were due to be filed with the trial court no later than July 29, 2004, that date being
the twentieth day from the date the trial court signed its judgment. See Tex. R. App. P.
26.1(b). The parties, however, waited until August 17 to file their joint notice of appeal. 
The notice therefore failed to timely invoke our jurisdiction. See In re C.S., 132 S.W.3d
499, 500-01 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (notice of appeal not timely filed
in case where court did not terminate parental rights but modified joint custody
arrangement with Department; appeal dismissed for want of jurisdiction).
          Even if we had granted Joey and Charlotte a fifteen-day extension in which to file
their notices of appeal, see Tex. R. App. P. 26.3, both Joey and Charlotte would still have
failed to timely invoke this Court's appellate jurisdiction by at least two days. 
 

          Accordingly, we dismiss this case for want of jurisdiction. 
 
 
                                                                           Donald R. Ross
                                                                           Justice


Date Submitted:      September 9, 2004
Date Decided:         September 21, 2004